UNITED STATES DISTRICT  COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONNIE MAE ROBINSON,

                Plaintiff,                **COMPLAINT**

    - against -

METROPOLITAN LIFE INSURANCE COMPANY,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP, PLAN and PLAN ADMINISTRATOR,

                Defendants.
-----------------------------------------------------------------x

        Plaintiff JONNIE MAE ROBINSON (hereinafter referred to as "ROBINSON"), by her attorneys, McCormick Dunne & Foley, as and for her amended complaint against the defendants, METROPOLITAN LIFE INSURANCE COMPANY, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP PLAN and PLAN ADMININSTRATOR, sets forth, upon information and belief, as follows:

## JURISDICTION AND VENUE

        1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.1001, et seq., and specifically 29 U.S.C. 1132(a)(1)(B).

        2.    Jurisdiction is vested in this Court pursuant to 29 U.S.C. 1132(e)(1) and (f).

        3.    Venue is proper pursuant to 29 U.S.C. 1132(e)(2), both because the subject breach took place in the Southern District of New York, and because one or more defendants reside or may be found in the Southern District of New York.

## THE PARTIES

4.     ROBINSON is a natural person and a citizen of the State of South Carolina, residing in the town of Mount Pleasant.

5.     Upon information and belief, at all times hereinafter mentioned, defendant METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") was and is either a corporation organized and existing pursuant to the laws of the State of New York, or a foreign corporation duly authorized to transact business in the State of New York.

6.     Upon information and belief, at all times hereinafter mentioned, defendant SKADDEN, ARPS, SLATE, MEAGHER and FLOM, LLP PLAN (the "PLAN") was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3).

7.     Upon information and belief, at all times hereinafter mentioned, defendant SKADDEN, ARPS, SLATE, MEAGHER and FLOM, LLP, was and is the "plan administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

8.     Upon information and belief, at all times hereinafter mentioned, METLIFE was and is a "claim administrator" of the PLAN.

## AS AND FOR A STATEMENT OF CLAIM

9.     ROBINSON repeats and reiterates paragraphs "FIRST" through "EIGHTH", as if fully set forth at length herein.

10.     As part of the PLAN, ROBINSON was entitled to long-term disability benefits under an insurance policy underwritten by METLIFE and that in or about August 2002, while said policy was in full force and effect, ROBINSON became disabled within the meaning

of said policy and filed a claim for benefits which was denied and her subsequent appeal was also denied.

11.    That additionally, ROBINSON was entitled from the defendants, as a benefit of her employment, one year of major medical coverage (or the cost of such insurance) for each year of employment worked prior to her disability, unless reduced or eliminated by the termination of employment due to METLIFE's determination that ROBINSON was not entitled to long-term disability benefits.

12.    The decisions not to honor ROBINSON's claim for long-term disability benefits, and not to provide or pay the expenses of major medical insurance coverage and the appeal decisions affirming the decision not to honor ROBINSON's long-term disability benefits, were and are erroneous and in violation of ROBINSON's rights under ERISA.

13.    That thereafter, litigation was instituted in the Southern District of New York under Civil No.: 05 CV 1534 (LLS), where a decision was rendered vacating the denial of benefits and a judgment was entered on May 15, 2006 remanding the matter to the defendants.

14.    Thereafter, the defendants, in an untimely manner filed a determination again denying benefits, only to thereafter rescind that determination - where the matter now stands

15.    That since that time, more than four (4) months have expired and no determination on the remand has been made in violation of the time periods required in the Code of Federal Regulations for responding to claims and/or appeals – so that the claim shall be deemed denied and "claimant shall be deemed to have exhausted the administrative remedies available" and compelling at this time a deemed denial of benefits subject to a *de novo* review by this court.

16.     Accordingly, it is alleged that the denials specified in paragraph 12 , *supra*, as well as the *de facto* denial on remand are erroneous and in violation of ROBINSON's rights under ERISA and defendants are liable to ROBINSON for the sum of all disability benefits wrongfully withheld from her since August of 2002 to the date a determination is rendered by this Court, together with prejudgment interest at a rate to be established by the Court;

17.     Additionally, ROBINSON is entitled to have the payment of her disability benefits restored on an ongoing basis.

18.     Additionally, ROBINSON is entitled to have her specified major medical insurance paid for and/or the costs for such coverage past, present and restored on an ongoing basis.

19.     Lastly, ROBINSON is entitled to attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1).

**WHEREFORE** ROBINSON demands judgment against the defendants:

(i)     awarding her the sum of all long term disability benefits and major medical coverage (or premium expenses for such coverage) wrongfully withheld from her since August 2002, together with prejudgment interest;

(ii)    declaring that she is entitled to have her claim for long term disability benefits and major medical coverage paid for and restored on a going-forward basis;

(iii)   awarding her attorney's fees and costs pursuant to 29 U.S.C. 1132(g)(1); and

(iv)    for such other and further relief as to this Court may seem just and proper.

McCORMICK DUNNE & FOLEY

By: _____

Patrick F. Foley (PF 3311)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway -  Suite 2100
New York, New York  10006
(212) 363-1300