LSK&D #: 564-5004 / 898790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONNIE MAE ROBINSON,

                                Plaintiff,

                  -against-

METROPOLITAN LIFE INSURANCE
COMPANY, SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP, PLAN AND PLAN
ADMINISTRATOR,

                                Defendants.
-----------------------------------------------------------------x

No. 06-CV-7604 (LLS)

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT**

Defendants Metropolitan Life Insurance Company ("MetLife"), Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden") Plan (the "Plan") (whose correct name is the Skadden CHOICE Benefits Program), and Plan Administrator, by their attorneys Lester Schwab Katz & Dwyer, respectfully submit the following statement of undisputed material facts pursuant to Local Rule 56.1.

1.-51. Defendants incorporate by reference herein their Local Rule 56.1 Statement filed in support of their summary judgment motion in case no. 05 Civ. 1534 (LLS). (See Affirmation of Allan M. Marcus ("Marcus Aff."), Ex. B.)

52. In its Opinion and Order dated May 12, 2006, and its Judgment entered May 15, 2006, this Court vacated MetLife's denial of plaintiff Jonnie Mae Robinson's long-term disability ("LTD") benefits claim and remanded the claim back to MetLife to reconsider Robinson's claim "after consultation with a neurological specialist." ("Marcus Aff., Ex. A, p. 6)

53. In its Order, the Court further found that "there is no basis for granting Ms. Robinson's claim....The record evidence is insufficient to compel a finding that a reasonable fiduciary must grant her claim. A neurological specialist might conclude otherwise." (Id., Ex. A, p. 5)

54. Robinson did not submit any additional medical information following the remand Order. (Affidavit of Cindy Broadwater ("Broadwater Aff."), ¶ 3, Ex. A, R 75)[1]

55. MetLife sent the file for review by a independent physician consultant ("IPC"), Joseph J. Jares III, M.D., Board-certified in neurology. (Id., R68-71)

56. In a report dated June 23, 2006 (id., R 68-71), Dr. Jares opined that "[f]rom a neurological perspective, [Robinson] has...mild residual left-sided weakness, numbness and pain. However, records suggest her to be otherwise fairly intact and do not indicate what would prevent Ms. Robinson from performing sedentary work in an office type setting." (Id., R70-71) Dr. Jares concluded that the medical records did not support Robinson's functional inability to perform the duties of her job onward from the last day worked. (Id., R71)

57. In a letter dated June 23, 2006, MetLife notified Robinson's attorney that it needed an additional 45 days to review her claim. (Id., R66)

58. In a letter dated July 14, 2006 to Robinson's attorney Patrick Foley, MetLife stated that there was "insufficient medical evidence to support [Robinson's] claim of disability from her sedentary job" and affirmed its denial of her LTD benefits claim. (Id., R60-62) MetLife cited Dr. Jares' report which concluded that the results of objective

---

[1] "R ___" refer to the Bates-stamped pages of MetLife's post-remand claim file attached as Exhibit A to the Broadwater Affidavit. The initial zeroes in the Bates numbers have been omitted.

medical tests and clinical examinations did not support her claim of disabling impairment. MetLife enclosed a copy of Dr. Jares' report. The letter also provided Robinson with an opportunity for an additional appeal. (Id., R61)

59. In a letter dated July 18, 2006, Attorney Foley requested a copy of the claim file and noted that Dr. Jares' report indicated he had reviewed a 751-page file. (Id., R58-59)

60. In its letter dated August 17, 2006, MetLife withdrew its determination letter dated July 14, 2006 because it realized that it inadvertently had not sent the entire 1703-page claim file for evaluation by Dr. Jares. MetLife advised Attorney Foley that it would send the entire file to a different IPC specializing in neurology to evaluate Robinson's functional abilities. With respect to his request for file documents, MetLife stated that such requests were more properly addressed "after completion of the new review and determination." (Id., R51)

61. MetLife sent the entire claim file to a third-party vendor, Elite Physicians, Ltd., with instructions to have it evaluated by a neurologist. (Id., R47-48)

62. In a report dated September 1, 2006, Patrick A. Parcells, M.D., a Board-certified neurologist, evaluated the medical records to determine Robinson's level of functionality. (Id., R42-46)

63. In his report, Dr. Parcells noted that, following her recovery from surgery to correct her syringomyelia and Chiari malformation conditions, Robinson was released by Dr. Holtzman to return to work in April 2001. He concluded:

> From a neurological perspective after my review of the extensive records, the medical on file supports claimant's ability to perform the duties of her job from the date last

3

> worked of August 16, 2002. There is no medical information on file to support the inability to perform the duties of her job.

(Id., R46)

64. Dr. Parcells further opined that there had been no change in Robinson's neurologic condition since she had been related to return to work in April 2001 that would support her claimed inability to perform her job duties. (Id.) Also, Dr. Parcells noted that the subsequent examination in July 2003 by her new neurosurgeon Dr. Brian Cuddy[2] in South Carolina (where Robinson had moved) documented her continued improvement and provided no documentation of abnormalities or conditions severe enough to preclude sedentary work. (Id.)

65. After it reviewed Dr. Parcells report, MetLife realized that he had reviewed only 878 pages of material rather than the entire 1703-page file. Apparently, Elite Physicians had on its own "sorted" the file to separate out what it believed to be the pertinent medical documents to be reviewed. (See id., R41, letter dated September 21, 2006 from MetLife's Cindy Broadwater to Elite Physicians.) MetLife instructed that the entire file be sent back to Dr. Parcells for a supplemental review. (Id.)

66. In a supplemental report dated September 29, 2006 (Id., R39-40), Dr. Parcells noted that he had reviewed an additional 825 pages of the file for a total of 1703 pages. He stated that "the additional pages were predominantly not related to any neurological problem, but to ENT evaluation, cardiac evaluation and sleep evaluation." Dr. Parcells stated that the additional file materials did not change the opinion expressed in his earlier report that Robinson did not have a disabling neurological condition at the time she stopped working. (Id., R40)

4

67. Without waiting for MetLife to complete its reconsideration process, Robinson filed the instant lawsuit on September 21, 2006.

68. In a letter dated October 19, 2006, MetLife informed Attorney Foley that it had determined that Ms. Robinson not entitled to LTD benefits on the basis of neurological and other impairments. (Id., R34-36) MetLife explained that Dr. Parcells disagreed with Dr. Holtzman's opinion that Robinson was unable to work in August 2002. Dr. Parcells had noted that numerous examinations, including Dr. Holtzman's own examinations, and medical tests indicated that the condition of Robinson's cervical spine had improved following her surgery, and that an MRI revealed an "excellent" collapse of the syrinx. (Id.) MetLife further explained that neither objective medical testing nor other clinical evidence supported Dr. Holtzman's opinion (and Robinson's claims) that she was unable to work. Based on its review of the file, and the evaluation by neurologist Dr. Parcells, MetLife determined that there was insufficient medical evidence to support Robinson's claim of disability from her sedentary job. Therefore, MetLife maintained the denial of Robinson's claim for LTD benefits. (Id., R35)

69. MetLife enclosed copies of Dr. Parcells' two reports with its October 19, 2006 letter and noted the reason for the supplemental report. (Id.) MetLife also extended to Robinson the opportunity for an additional appeal. (Id., R36)

70. Robinson did not appeal.

Dated:     New York, New York
           July 16, 2007

---

[2] Significantly, Dr. Cuddy did not opine that Robinson could not work. (See Marcus Aff., Ex. B, ¶ 49.)

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

*[signature]*

Allan M. Marcus (AM-9027)
120 Broadway
New York, New York 10271
(212) 964-6611
Attorneys for Defendants
Metropolitan Life Insurance Company and
Skadden, Arps, Slate, Meagher & Flom, LLP,
Plan and Plan Administrator

TO:

Patrick F. Foley, Esq. (PF-3311)
Christopher P. Foley, Esq. (CF-6079)
McCormick Dunne & Foley
61 Broadway - Suite 2100
New York, New York 10006
(212) 363-1300
Attorneys for Plaintiff